**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HAGEN, | : |
| Plaintiff, | : Civil Action No. 16-5050 (ES) (MAH) |
| v. | : MEMORANDUM OPINION |
| JOHN DOE COMPANY, | : (Previously Filed Under Temporary Seal) |
| Defendant. | : |

**SALAS, DISTRICT JUDGE**

This matter is before the Court upon a motion to dismiss *pro se* Plaintiff Robert Hagen's ("Hagen") Complaint by Defendant John Doe Company (the "Company") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). (D.E. No. 16). Hagen opposes the Company's motion. (D.E. No. 29). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court GRANTS the Company's motion in relevant part and DISMISSES this action.

**1. Background.** Hagen is a former employee of the Company. (D.E. No. 11 ¶ 2). He brought this action against the Company, seeking to rescind an August 8, 2012 agreement "executed in connection with the termination of Hagen's employment." (*See id.* ¶¶ 3, 4). Hagen and the Company are the parties to the agreement. (*Id.* ¶ 3).[1] In doing so, he invokes the Declaratory Judgment Act, 28 U.S.C. § 2201. (*Id.* ¶ 1). In particular, Hagen "seeks a declaration that the Confidentiality Provisions of the agreement . . . are void and unenforceable as a matter of public policy." (*Id.* ¶ 5).

---
[1] (*See also* D.E. No. 17 at 1).

For relief, Hagen seeks a judgment:

> (a) declaring that the Confidentiality Provision contained in paragraph 11 of the Agreement is void and unenforceable as against public policy; (b) declaring that Hagen may freely disclose the existence of the Agreement and its terms; (c) declaring that Hagen may file the Agreement in any court of law, and not under seal, in connection with any action arising out of or in connection with the Agreement and its terms, including but not limited to any action for rescission of the Agreement; and (d) granting Hagen such further relief as the Court deems just and proper.

(*Id.* at 4).

**2. Jurisdiction.** Hagen invokes diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 8).[2] Hagen alleges he is a citizen of Alabama and the Company is a "Delaware limited liability company with a principle place of business in the State of Georgia." (*Id.* ¶¶ 6-7). He thus alleges there is "complete diversity of citizenship between the parties." (*Id.* ¶ 8). He also alleges that "the amount in controversy exceeds the value of $75,000." (*Id.*).

But the Company argues that Hagen merely recites the amount-in-controversy requirement and "the factual allegations in the Amended Complaint do not support a rational conclusion that this requirement has been satisfied." (D.E. No. 16-1 at 4). Thus, the Company seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (*Id.*).

**3. The Company has failed to show to a legal certainty that Hagen cannot recover the jurisdictional amount in controversy.** Under 28 U.S.C. § 1332(a)(1), a district court has subject matter jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. "Where the plaintiff in a diversity action

---

[2] The Court notes that Hagen does not invoke federal-question jurisdiction under 28 U.S.C. § 1331. *See also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (stating that the Declaratory Judgment Act, 28 U.S.C. § 2201, "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction").

seeks injunctive or declaratory relief, the amount in controversy is often not readily determinable." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). "Under those circumstances, the amount in controversy is determined by the value of the object of the litigation." *Id.* (internal quotation marks and citations omitted). "As a general rule, that amount is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown,* 131 F.3d 120, 122 (3rd Cir. 1997) (citation omitted). "A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." *Id.* (citation omitted).

Importantly, "whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). "The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims or whether the legal theory advanced by the plaintiffs is probably unsound; rather, a court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover more than [the jurisdictional amount]." *Id.*[3]

Here, the Company does not argue—nor can the Court independently conclude at this time—that it is legally certain the value of the object of this litigation is less than $75,000. Accordingly, the Court finds this action cannot be dismissed for lack of jurisdiction under Rule 12(b)(1). *See Spectacor Mgmt. Grp.*, 131 F.3d at 122; *see also Columbia Gas Transmission*, 62

---

[3] *See also Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 803 (3d Cir. 2017) ("Thus, the threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is lower than that required to withstand a Rule 12(b)(6) motion. Under the Rule 12(b)(1) standard, a claim fails to invoke the District Court's jurisdiction only if it is wholly insubstantial and frivolous.") (cleaned up); 14AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3713 (4th ed. 2017) ("Generally speaking, the judicially established legal certainty test makes it difficult for the defendant to secure a dismissal of a case originally commenced in a federal court on the ground that it does not appear to satisfy the statutory jurisdictional amount requirement. According to a substantial number of cases . . . only three situations clearly meet the legal certainty standard for purposes of defeating the court's subject matter jurisdiction on that basis: 1) when the terms of a contract limit the plaintiff's possible recovery to less than the required jurisdictional amount; 2) when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff to less than the necessary number of dollars to satisfy the requirement; and 3) when independent facts show that the amount of damages claimed has been inflated by the plaintiff merely to secure federal court jurisdiction.").

F.3d at 541 ("We hold that because it is not legally certain that the value of these rights is less than [the jurisdictional amount], section 1332 was satisfied, thereby meeting federal jurisdictional requirements.").

  **4.  The forum selection clause is valid and enforceable.**

   a. *Legal Standard*

"Parties to a contract may select, in advance of litigation, the forum and the law under which their disputes will be settled." *Botman Int'l, B.V. v. Int'l Produce Imps., Inc.*, 205 F. App'x 937, 941 (3d Cir. 2006). "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). "Forum selection clauses are entitled to great weight, and are presumptively valid." *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) (citations omitted).

"Of course, before a contractual forum selection provision can be enforced, it must actually effectuate a selection." *Id.* "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997). The Court "first look[s] to the text of the contract to determine whether it unambiguously states the parties' intentions." *Id.* at 1074; *see also LG Elecs. U.S.A., Inc. v. Actionlink, LLC*, No. 15-5472, 2015 WL 6673884, at *3 (D.N.J. Oct. 30, 2015) ("[T]he Court must determine the meaning of the [forum selection] clause in the same manner it would any other contractual provision, *i.e.*, by ascertaining the 'plain and ordinary meaning' of the clause.") (citation omitted). "To be 'unambiguous,' a contract clause must be reasonably capable of only one construction." *John Wyeth & Bro. Ltd.*, 119 F.3d at 1074 (citation omitted). "If the language of the forum selection clause is unambiguous, the inquiry ends and the court must

enforce the contract as written." *LG Elecs. U.S.A.*, 2015 WL 6673884, at *3 (internal quotation marks and citation omitted).

"To defeat enforcement, the objecting party must make a strong showing (1) that the forum selection clause is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Heartland Payment Sys., Inc. v. Steves*, No. 15-3544, 2015 WL 7737344, at *3 (D.N.J. Dec. 1, 2015) (internal quotation marks, alterations and citation omitted).[4] "Thus the burden is on Plaintiff to demonstrate that the forum selection clause here is unenforceable." *Mathews v. Rescuecom Corp.*, No. 05-4834, 2006 WL 414096, at *5 (D.N.J. Feb. 16, 2006).

    b. *Application*

Here, the clause at issue provides:

> 20. <u>Governing Law; Jurisdiction</u>. *This Agreement has been negotiated, executed and delivered in and shall be governed by, and construed in accordance with the laws of the State of New Jersey* applicable to contracts made and to be wholly performed in such State. *Each of the parties hereby irrevocably submits to the exclusive jurisdiction of the Superior Court of New Jersey in any action, suit or proceeding* and the parties agree further that service of process or notice in any action, suit or proceeding shall be effective if in writing and delivered or mailed, certified or registered mail, return receipt requested to the parties at their addresses as first set forth above or any such other address as any part may designate to the other by notice given in the manner provided in Paragraph 22.

(D.E. No. 17 ¶ 20 (emphasis added)).[5]

---

[4]     *See also Fernandez v. Deutsche Bank Nat'l Tr. Co.*, 157 F. Supp. 3d 383, 389 (D.N.J. 2015) ("Robust authority has endorsed the enforcement of forum selection clauses, unless the clause resulted from fraud, violates public policy, or requires resolution in a seriously inconvenient forum.") (citations omitted).

[5]     The Court may consider the agreement containing the forum selection clause at issue in resolving the Company's motion to dismiss because the agreement "created the relationship between the parties from which this action arose and [is] integral to the allegations pleaded in the Complaint." *See Patel v. Orwest Courtland, Inc.*, No.

- 5 -

The Company seeks dismissal, arguing that the Superior Court of New Jersey has exclusive jurisdiction over any action, suit or proceeding relating to the agreement per the aforementioned forum selection clause. (*See* D.E. No. 16-1 at 8-10). In opposition, Hagen avers that the agreement "was agreed to only under extreme duress" to him and his family, which "should be against public policy." (D.E. No. 29 at 2). He appears to make a merits-based argument that the confidentiality clause in the agreement is unenforceable because he can report the Company's "improper and illegal acts" to "authorities"—which is "what caused [the Company] to aggressively terminate [him] after 21 years of faithful service." (*See id.*). Regarding the Company's forum-selection-clause argument in particular, Hagen states that: "the agreement cited by [the Company] is the very agreement I seek to have rescinded." (*Id.*).

The Court is mindful that Hagen is a *pro se* litigant. But the issue before this Court is the forum where his claims must be litigated, not the propriety of them. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). To that end, the Court finds that the plain language of the forum selection clause encompasses this action in its scope and provides that the Superior Court of New Jersey is the mandatory forum for such litigation.[6] "[I]t would require an interpretive sleight of hand to produce the conclusion that the provision is ambiguous." *See Wall St. Aubrey Golf, LLC*, 189 F. App'x at 86.

---

12-3005, 2013 WL 486274, at *3-5 (D.N.J. Feb. 6, 2013) (finding that "the parties are necessarily bound by their contracted-for forum as specified in the forum selection clause" and granting Rule 12(b)(6) motion).

[6]    *Cf. Wolfe v. TBG Ltd.*, No. 13-3315, 2014 WL 325637, at *2 (E.D. Pa. Jan. 28, 2014) ("'The Plan and the rights of each person hereunder will be governed by the laws of the [sic] England and subject to the sole jurisdiction of the English Courts.' By its plain meaning, this forum selection clause is mandatory, requiring all claims involving the rights of the parties under the Plan to be litigated in England.").

Further, Hagen doesn't seem to challenge applying the forum selection clause to this litigation based on fraud, overreaching, or violation of public policy. Nor does he suggest it would be inconvenient to litigate in New Jersey state court. Rather, as noted, Hagen's issue appears to be with the agreement itself—namely the confidentiality clause.

To be sure, however, nothing from the record or Hagen's arguments suggest that the forum selection clause resulted from fraud or overreaching.[7] On the contrary, Hagen had up to 21 days to consider the agreement, he was advised to consult with an attorney before signing the agreement, he had the option to revoke the agreement for a period of 7 days after signing it, and Hagen and a "WITNESS to MR. HAGEN" signed the agreement. (*See* D.E. No. 17 at 19-21). In fact, the following appears in all-capitals text at the end of the agreement (just before the signature block): the 21-day consideration period; the 7-day revocation period; the advice to consult with an attorney; and a provision that states Hagen "FREELY AND KNOWLINGLY [sic] . . . ENTERS INTO THIS AGREEMENT." (*See id.*).

As for public policy, forum selection clauses are valid and enforceable under New Jersey law. *See Lester*, 2009 WL 3757155, at *3-4 (collecting cases). Moreover, to the extent Hagen's argument is that the agreement itself—in particular, the confidentiality clause—violates public policy (*see, e.g.*, D.E. No. 11 ¶ 5; D.E. No. 29 at 2), this argument misses the mark. Hagen cannot contest the validity of a forum selection clause by questioning the enforceability of the entire contract. *See Mathews v. Rescuecom Corp.*, No. 05-4834, 2006 WL 414096, at *5 n.8 (D.N.J. Feb. 16, 2006).

---

[7] *Cf. Lester v. Gene Express, Inc.*, No. 09-0403, 2009 WL 3757155, at *3 (D.N.J. Nov. 10, 2009) ("Plaintiff has not made a strong showing, or any showing for that matter, that the forum selection clause was the result of fraud or overreaching. A forum selection clause is unenforceable as a result of fraud only where assent to the clause itself, as opposed to the contract as a whole, is the product of fraud or coercion. In this dispute, Plaintiff has not put forth any direct or indirect assertion of fraud and therefore the forum selection clause cannot be invalidated on that ground.") (internal citations omitted).

Finally, nothing suggests that enforcement of the aforementioned forum selection clause would result in litigation in a jurisdiction—i.e., in New Jersey state court—so seriously inconvenient as to be unreasonable. In fact, as the Company aptly notes (*see* D.E. No. 16-1 at 10), Hagen's filing of this action in New Jersey *federal* court makes it seem incredulous that litigating in New Jersey *state* court would be so inconvenient that he would be deprived of his day in court.

In sum, the Court finds that the forum selection clause is valid and enforceable.

### 5. The Proper Remedy Here Is Dismissal.

"The Third Circuit has held that dismissal under Fed. R. Civ. P. 12(b)(6) is proper where a forum selection clause designates another court as the exclusive venue for litigation." *Integrated Health Res., LLC v. Rossi Psychological Grp., P.A.*, 537 F. Supp. 2d 672, 674 (D.N.J. 2008) (citing *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001)); *see also Podesta v Hanzel*, 684 F. App'x 213, 215-17 (3d Cir. 2017).

Having found that "a valid forum selection clause exists, it is permissible to enforce it by dismissing the case pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Podesta v. Hanzel*, No. 15-0375, 2015 WL 5286743, at *2 (E.D. Pa. Sept. 10, 2015) (citation omitted), *aff'd*, 684 F. App'x 213 (3d Cir. 2017). Therefore, the Court dismisses this case for being filed in the incorrect forum. *See id.*[8] This dismissal is *without prejudice* to Hagen filing suit in the proper forum. *See id.* Having so determined, the Court declines to address the parties' remaining arguments. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[8] *See also JSM at Coll. Pointe, Ltd., L.L.P. v. U.S. Bank, Nat'l Ass'n*, No. 14-5216, 2015 WL 1469760, at *3 (D.N.J. Mar. 30, 2015) (finding "that the forum selection clause at issue completely bars Plaintiff's allegations" and granting Rule 12(b)(6) motion to dismiss without leave to amend in federal court because "an amended complaint would be futile in light of the forum selection clause designating Florida as the proper forum").